LEONARD MCCLANAHAN

*v.*

WORKMEN'S COMPENSATION COMMISSIONER

AND

UNITED STATES STEEL CORPORATION

(No. 13482)

Decided October 29, 1974.

*Norman T. Farley,* Legal Division, Workmen's Compensation Commission for Workmen's Compensation Commissioner.

*George W. S. Grove, Jr.,* for United States Steel.

NEELY, JUSTICE:

This Court granted an appeal in this case to determine whether an employer's account should be charged for a silicosis award when an employee stops work due to an

accidental injury and dates a claim for silicosis benefits from the last day on which he worked. As this Court finds both the accidental injury and the silicosis claim to be second injuries within the contemplation of *W. Va. Code*, 23-3-1 (1947), a contrary holding of the Workmen's Compensation Appeal Board is reversed.[1]

It is uncontested that the claimant, Leonard I. McClanahan, has suffered a number of cumulative injuries which render him totally disabled. In 1958 claimant was awarded a 33% permanent partial disability for loss of the sight in one eye. On April 5, 1968 claimant severely injured his back while loading rails onto a mine car which resulted in an award by the Commissioner of a 40% permanent partial disability.

While the back injury claim was pending claimant filed an additional claim for silicosis. Claimant demonstrated that he had been employed in the mines of United States Steel Corporation since 1943, and that the last day of his exposure to the dust hazard was coincident with the date of his back injury. The Medical Board found a 20% silicosis disability which the Commissioner awarded, chargeable to the account of the employer, U. S. Steel. The employer challenged the chargeability of that award before the Appeal Board, which reversed the Commissioner and held that the charge should come from the second injury reserve as the silicosis was a "definitely ascertainable physical impairment" within

---

[1] W. Va. Code 23-3-1 (1947) says in pertinent part:

"If an employee who has a definitely ascertainable physical impairment, caused by a previous injury, irrespective of its compensability, becomes permanently and totally disabled through the combined effect of such previous injury and a second injury received in the course of and as a result of his employment, the employer shall be chargeable only for the compensation payable for such second injury: Provided, however, that in addition to such compensation, and after the completion of the payments therefor, the employee shall be paid the remainder of the compensation that would be due for permanent total disability out of a special reserve of the surplus fund known as the second injury reserve, created in the manner hereinbefore set forth."

the meaning of *Code* 23-3-1 (1947). The Commissioner appealed that ruling to this Court.

The employer relies upon the testimony of Dr. James H. Walker, chairman of the Occupational Pneumoconiosis Board that the claimant's silicosis condition preexisted the back injury of April 5, 1968 to support its contention that the silicosis award should be paid from the reserve fund. The Commissioner on the other hand asserts that the Legislature has created a legal fiction with regard to silicosis by providing that "in cases involving silicosis or other occupational diseases, the 'date of injury' shall be the date of the last exposure to the hazard involved, as the case may be," *W. Va. Code,* 23-3-1 (1947)[2] and, consequently, that the fiction requires the Commissioner to charge the employer with the silicosis claim.

This Court notices that silicosis is an occupational disease which develops from protracted exposure to dust. However, the Legislature has determined that charges for silicosis disability shall be apportioned among employers for whom the claimant worked for at least sixty days within three years of the last exposure, *W. Va. Code,* 23-4-1 (1971), and that the date of injury shall be considered the date of last exposure. (Claimant in the case at bar has worked for only one employer, U. S. Steel, since 1943.)

This Court holds that there was no prior physical impairment under the second injury statute, *W. Va. Code,* 23-3-1 (1947), until the silicosis claim was finally adjudicated. Once adjudicated, it becomes a prior impairment with regard to *future* employers and may accordingly be considered under the second injury statute. The basic intent of the second injury statute is to encourage the hiring of the handicapped by not charging an employer for preexisting disabilities; however, the second injury statute is neither designed nor intended to relieve an employer of any liability resulting from injuries to his

---

[2] All statutory citations are to the applicable statute in effect at the date of injury. *Ball v. Workmen's Compensation Commissioner,* W. Va., 194 S.E.2d 229 (1973).

employees in the course of their employment with it. In the case of silicosis, the Legislature has arbitrarily determined that employers within three years of the last exposure will be responsible.

The Commissioner also raises the issue of whether the employer should be charged with a full 60%, i.e. 20% for the silicosis award plus 40% for the back injury, or whether the Commissioner should first take the statutory 85% required for total disability, subtract 33% for the previous eye injury which occurred in 1958 and then charge the employer the remaining 52%, for a total disability of 85%. This Court holds that the employer is chargeable with a full 60% under our holdings in *Griffith v. Commissioner*, W. Va., 205 S.E.2d 157 (1974).

Accordingly the order of the Workmen's Compensation Appeal Board is reversed in part and the case is remanded to the Appeal Board with directions to enter an order consistent with this opinion.

> *Reversed in part and remanded with directions.*