GRANT U. AKERS

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER

*and*

U. S. STEEL CORPORATION

(NO. 13775)

Decided February 15, 1977.

*Love, Wise, Robinson & Woodroe, George W. S. Grove, Jr.* for appellant.

*James R. Gerchow* for Workmen's Compensation Commissioner.

*Rodney A. Skeens* for appellee.

NEELY, JUSTICE:

This is an appeal from an order entered by the Workmen's Compensation Appeal Board which assessed ap-

pellant U. S. Steel Corp. for claimant Akers' 40% disability from occupational pneumoconiosis and in addition awarded claimant total permanent disability. No one contests that claimant is totally disabled; the issue is whether the employer or the second injury reserve is chargeable with the pneumoconiosis award under *W. Va. Code*, 23-3-1 (1947).

Before 1972 Mr. Akers had sustained a number of compensable and noncompensable injuries. These injuries physically impaired Mr. Akers, causing him to have, before 1972, a 65% disability rating. None of the parties disputes this 65% disability rating or questions that it predated the compensation claims involved in this litigation.

Claimant Akers filed his occupational pneumoconiosis claim on October 10, 1972. Since Mr. Akers continued to work in the same job after filing his claim, the Workmen's Compensation Commissioner assigned the date of filing as the date of last exposure. Under *W. Va. Code*, 23-4-14 (1976) the date of last exposure to the hazards of occupational pneumoconiosis is taken as the date of injury. Thus, with respect to his pneumoconiosis claim, Mr. Akers was considered to have been injured October 10, 1972.

On April 2, 1974, while his occupational pneumoconiosis claim was pending, Mr. Akers sustained an injury which resulted in his being granted a 25% permanent partial disability award. When combined with Mr. Akers' existing disabilities, the 1974 injury would have given Mr. Akers an overall disability rating of 90%, irrespective of the occupational pneumoconiosis. Likewise, when combined with Mr. Akers' existing disabilities, the occupational pneumoconiosis would have given Mr. Akers a total disability rating, irrespective of the 1974 injury. Disabled workers qualify for a life award, payable from the second injury reserve, when an industrial injury causes their overall disability rating to reach 85% or above. Thus, the question is presented to this Court

whether appellant employer may be properly charged for both the pneumoconiosis award and the 1974 injury award.[1]

The pertinent statute, *W. Va. Code*, 23-3-1 (1947)[2] provides no clear answer to the question at hand. Accordingly in this instance the Court is called upon to fill in the interstices in the statutory scheme. In a recent case, *McClanahan v. Workmen's Compensation Com'r.*, ____ W. Va. ____, 207 S.E.2d 184 (1974), we confronted a similar problem concerning the proper application of the second

---

[1] The employer here does not seek to be relieved in any event of its obligation to pay up to $3,000.00 for claimant's reasonable medical expenses incurred as a result of his 1974 injury. *See, W. Va. Code*, 23-4-3(a) (1973) in effect at the time of the accident and *Mullens v. State Workmen's Compensation Com'r.*, ____ W. Va. ____, 223 S.E.2d 604 (1976). Therefore, as to the 1974 award, the question of chargeability is limited to the disability benefits paid by the employer other than the $3,000.00 in medical expenses.

[2] *W. Va. Code*, 23-3-1 (1947) reads in relevant part:

"If an employee who has a definitely ascertainable physical impairment, caused by a previous injury, irrespective of its compensability, becomes permanently and totally disabled through the combined effect of such previous injury and a second injury received in the course of and as a result of his employment, the employer shall be chargeable only for the compensation payable for such second injury: Provided, however, that in addition to such compensation, and after the completion of the payments therefor, the employee shall be paid the remainder of the compensation that would be due for permanent total disability out of a special reserve of the surplus fund known as the second injury reserve, created in the manner hereinbefore set forth.

"If an employee of an employer, who having elected to carry his own risk under section nine [23-2-9] of article two of this chapter, and who has not elected to pay into the surplus fund under the provisions of that section, who has a definitely ascertainable physical impairment caused by a previous injury, irrespective of its compensability, and becomes permanently and totally disabled from the combined effect of such previous injury and a second injury received in the course of and as a result of his employment, the employee shall be granted an award of total permanent disability and his employer shall, upon order of the commissioner, compensate the said employee in the same manner as if the total permanent disability of the employee had resulted from a single injury while in the employ of such employer."

injury reserve statute. *McClanahan* correctly discerned an important underlying policy of the second injury scheme: "... the second injury statute is neither designed nor intended to relieve an employer of any liability resulting from injuries to his employees in the course of their employment with it." *McClanahan v. Workmen's Compensation Com'r., Id.* at 186. Consequently we hold that both injuries are chargeable to the employer because they were both second injuries. In *McClanahan* both injuries occurred on the same date, and although one alone would have provided a life award, because of preexisting disabilities, both were charged. We can see no difference between that situation and the one before us except that the injuries occurred on different days in the case at bar.

Accordingly the order of the Workmen's Compensation Appeal Board is affirmed.

*Affirmed.*