ETHEL ADAMS *v.* G. C. MURPHY COMPANY, *A Corporation*

(No. 7944)

Submitted April 26, 1934. Decided May 29, 1934.

*McGinnis, Ashworth & Mann,* for plaintiff in error.

*J. Q. Hutchinson* and *Clay S. Crouse,* for defendant in error.

LITZ, JUDGE:

This action was brought by Ethel Adams against G. C. Murphy Company, a corporation, to recover for impairment of her health from alleged breathing of carbon monoxide gas in the course of her employment with the company. The writ was awarded, at the instance of defendant, to the judgment entered upon a verdict of $5,-000.00 in favor of plaintiff.

The Murphy Company owns and operates a general store for the sale of merchandise in the city of Beckley. The storeroom (54 by 100 feet) in which its goods are displayed is equipped with a beverage fountain and lunch counter for the convenience of customers. The food served at the counter is prepared in a small kitchen (4½ feet wide, 11 feet long and 7½ feet high at the entrance), located in the storeroom under an enclosed stairway, and entered through an automatic swinging door three by six feet. The ceiling of the kitchen slopes with the stairway, and is five feet high at the end opposite the door. A ten-inch square aperture in the panel of the door, and a metal ventilator seventeen inches square in the inside wall are the only openings in the kitchen for the intake of air when the door is closed. All the air entering the kitchen comes from within the storeroom. The kitchen contains a small table, water sink, and gas range, with eight burners and two ovens, close to the stairway where the ceiling is lowest.

Plaintiff, who was twenty years of age, worked at the

lunch counter from September 2, 1932, until the latter part of February, 1933, when she was transferred to the kitchen as cook. At that time, there was in the ceiling of the kitchen near the door a metal flue twelve inches square containing a twelve-inch motor driven suction fan for the purpose of ventilating the room. Sometime in March or April, the store manager, upon a complaint that the ventilation was not sufficient, caused the flue to be extended and a hood attached thereto thirty inches above the range. Plaintiff worked regularly in the kitchen until May 25, 1933, when she quit the employment of defendant. Two days later the county health officer, after inspecting the kitchen at the instance of the store manager, advised him the ventilation was inadequate and that a stronger fan should be installed.

Plaintiff introduced evidence tending to show that she was in good health, weighing 132 pounds when she entered the service of defendant; that her health was still unimpaired when she assumed her duties in the kitchen; that inadequate ventilation was evidenced by offensive odor and gas fumes; that a magazine rack in front of and close to the wall ventilator prevented or hindered the circulation of air through the opening; that the heat from the stove was intense; that the flue was extended and the hood installed about a month before she quit working in the kitchen; that during March, 1933, she gradually grew weak, anaemic and nervous; that she had pains in her chest and head, lost weight, and was subject to dizzy spells, fainting five times during the last three days she worked in the kitchen; that she weighed 113 pounds when she quit working and 105 pounds at the time of the trial; and that her disability is due to the breathing of carbon monoxide gas while working in the kitchen.

Defendant asserts that the flue was extended about two weeks after plaintiff began working in the kitchen; that the magazine rack was not close enough to the wall to interfere with the circulation of air through the ventilator; that the ventilation was adequate; and that tests

for carbon monoxide after plaintiff ceased working were negative.

Plaintiff relies upon the testimony of Dr. D. L. Hill as supporting her contention that she is suffering from carbon monoxide gas poisoning. He states that he treated her on September 5, 1933, shortly after she had recovered from a cataleptic convulsion; that from his observation and the history of the case as given to him by plaintiff, he is of opinion her disability is due to the breathing of carbon monoxide gas; that her subjective and objective symptoms confirm this opinion; that while the gas does not remain in the victim's blood longer than two or three days after exposure, "the results of carbon monoxide gas poisoning are in the patient's (plaintiff's) blood at this time."

The medical testimony of defendant is that plaintiff's disability is due to tuberculosis rather than carbon monoxide gas poisoning; and that the breathing of carbon monoxide gas in quantities insufficient to produce immediate death will not result in disability.

It is charged that the trial court erred (1) in overruling the demurrer to the declaration upon the theory that plaintiff's injury is compensable under the State Compensation Act; (2) in permitting Carl J. Opp, an expert witness for plaintiff, to state his opinion, in response to a hypothetical question, as to the presence of carbon monoxide gas in the kitchen while plaintiff was employed therein; (3) in refusing an instruction requested by defendant; (4) in not holding as a matter of law that plaintiff had assumed the risk; and (5) in ruling that the evidence was sufficient to be submitted to the jury.

Defendant relies upon *Conley* v. *Compensation Commissioner*, 107 W. Va. 546, 149 S. E. 666, in support of its demurrer. That case merely recognizes the right of a claimant or dependent to compensation under the compensation act, where the employee in the course of his employment has suffered disability from breathing carbon monoxide gas at a definite time. The disability of plaintiff, in this case, is attributable to exposure extend-

ing through a course of employment. "Disease contracted in the course of and resulting from employment is not compensable under the West Virginia Compensation Act, Code 1931, 23-4-1, unless directly attributable to a definite, isolated, fortuitous occurrence." *Jones* v. *Rinehart & Dennis Co.*, 113 W. Va. 414, 168 S. E. 482.

The basis of the general objection to the hypothetical question propounded to the witness Opp (presented for the first time in this court), is that it does not fairly recite the pertinent facts the evidence tends to prove. If, as defendant claims, the question ignored material facts, the defect should have been either specified in the objection or developed upon cross-examination of the witness. "According to our decisions it is not essential that a hypothetical question should recite or embody all the facts proven or which the evidence tends to prove. Counsel may embody in their questions such of the facts proven as tend to support their theory of the case, and so as to elicit the opinions of the witnesses based on those facts. If the questions in the judgment of opposing counsel omit essential facts proven or which the evidence tends to prove, those facts may be readily introduced into the questions on cross-examination, and the opinion of the witnesses obtained on the case thus presented. *Kerr* v. *Lunsford*, 31 W. Va. 659, 8 S. E. 493; *Bowen* v. *City of Huntington*, 35 W. Va. 682, 14 S. E. 217; *State* v. *Angelina*, 73 W. Va. 146, 80 S. E. 141; 1 Wigmore on Evidence, sections 681, 682, 683." *Keenan* v. *Scott*, 78 W. Va. 729, 90 S. E. 331.

The instruction offered by defendant and refused by the court would have told the jury that "if the evidence for plaintiff and the evidence for defendant is of equal weight and value, then it is your duty to find for defendant." As the court had already instructed the jury that the evidence must preponderate in favor of plaintiff to justify a recovery, it was not error to refuse this instruction.

The evidence showing that carbon monoxide gas is colorless, odorless and tasteless, the court would not have

been justified in holding as a matter of law that plaintiff had assumed the danger.

The issue involved a substantial conflict in the material evidence and was therefore properly submitted to the jury.

The judgment of the circuit court, complained of, is affirmed.

*Affirmed.*