JAMES JORDAN

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER,
*and*
UNION CARBIDE CORPORATION

(No. 13172)

Submitted April 18, 1972.      Decided September 6, 1972.

Dissenting Opinion September 12, 1972.

Rehearing Denied October 9, 1972.

160

*Franklin W. Kern,* for appellant.

*Benjamin D. Tissue,* for appellees.

HADEN, JUDGE:

This appeal was granted December 13, 1971 upon the application of the claimant, James Jordan, who seeks reversal of the final order of the Workmen's Compensation Appeal Board entered September 29, 1971 wherein the board affirmed the ruling of the State Workmen's Compensation Commissioner entered April 19, 1971 which denied compensation for the reason that claimant's disability was not due to an injury received in the course of and as a result of employment.

On January 6, 1969, the date of the alleged industrial accident, James Jordan was employed by Union Carbide Corporation (hereinafter called "Carbide") and had worked for this company for about fifteen years. He was assigned on the day in question, and for about two years previously, to the insulation department where he was performing his usual and customary duties which included fabricating, boxing, lifting, and otherwise handling insulation material. The evidence presented to the commissioner and the appeal board was in dispute as to

how the harm to claimant took place. There are essentially three versions of occurrence.

First, according to the claim form executed and filed by the claimant some three weeks after the accident, Jordan said that the cause was "lifting box & had a pain in the back" and he described his injury as "low back pain." The partial history taken by Carbide's nurse on the date of the injury also substantiates this version.

Second, Doctor Sexton, the plant physician who initially treated the claimant on the day of the injury, said that claimant told him he "was picking up a box full of insulation. He set the box on the table, then he set the box on a wagon and pulled it in to another building. He felt a sharp pain in his back which was in the fabricating shop, and it occurred at 8:05 a.m."

The third version was related to the commissioner's hearing examiner on November 21, 1969. The claimant testified that when he bent down to pick up a seventy-five pound box of insulation and began lifting it, his left foot "kind of slipped a little bit" and that he simultaneously felt the onset of pain. Further testimony presented by the claimant was that his foot slipped because of the sudden movement of the wooden mat on which he was standing. He added that the slipping was a problem often resulting from a wax substance which had dripped from ovens onto the floor work area through cracks in the mats, and that to alleviate the problem on previous occasions the claimant had wired the mats to the legs of work tables. It was stipulated in the record that a co-employee of the claimant would testify that the mats had slipped on occasion but that the employee did not see the mat slip with the claimant on it on the date of the injury.

Contrary testimony from the plant physician indicated there was no mention by the claimant on the date of the accident of any slip or trip or other unusual occurrence in relation to the back injury, although the doctor said he didn't precisely ask the questions to elicit affirmative or

negative responses to "slip" or "trip". The plant safety engineer who interviewed claimant approximately a week to two weeks after the accident occurred said the claimant did not tell him of any specific occurrence such as a slip, trip or fall, and his report makes a specific note that "there was no accident such as a slip, trip, fall etc."

The claimant testified and medical records documented that he had an extensive medical history of a preexisting back condition. His employment medical record and non-occupational medical records show he was treated intermittently on twenty-three occasions for back complaints beginning with the year 1953 and concluding with a treatment as late as August of 1968.

On the date of the injury for which claimant seeks compensation, the plant physician determined the claimant was in so much pain that he sent him home to the care of the claimant's personal physician.

The claimant contends that his evidence establishes a single fortuitous event resulting in an injury in the course of employment. He contends that the liberality rule was ignored in the proof of his claim and that the evidence here clearly establishes a new compensable back injury superimposed on a preexisting condition.

Carbide contends that although some or slight evidence does suggest a "slip" incident to the lifting, there is a stronger suggestion that no slip, trip or fall took place and that consequently there was no single isolated fortuitous event occurring which established a compensable accident. In addition, Carbide contends that claimant came to work with an old back condition and was merely doing his regular job and performing usual and customary duties when the harm occurred and that these facts alone were not sufficient to charge the employer for compensation. Carbide also strongly urges that, in any event, the findings of the appeal board are not clearly and plainly wrong and therefore should be affirmed on this appeal.

In a recent "heart attack" case, this Court restated the basic requisites of any successful claim arising by industrial accidents as set forth in the "heart" of the Compensation Act, Section 1, Article 4, Chapter 23, W.Va. Code, 1931, as amended. *Barnett v. State Workmen's Compensation Commissioner*, 153 W.Va. 796, 172 S.E.2d 698 (1970) held "In order for a claim to be held compensable under the Workmen's Compensation Act, three elements must coexist: (1) a personal injury (2) received in the course of employment *and* (3) resulting from that employment." Syllabus, point 1. From the evidence in this case it is apparent that the second of the above elements is clearly satisfied. The manifestation of the claimant's injury, pain, occurred some time around 8:05 a.m. on January 6, 1969 while the claimant was performing his usual and customary duties for Carbide in the plant's insulation department.

The question for decision in this case is whether the factual determinations of the appeal board that the claimant did not suffer a personal injury resulting from his employment, are plainly and clearly wrong.

West Virginia is a jurisdiction which requires proof of injury by accident. *Martin v. State Compensation Commission*, 107 W.Va. 583, 149 S.E. 824 (1929). Except in cases of occupational disease, a claimant must prove an attributable work-related accident before his disability will be held compensable and chargeable to his employer. De La Mater, *"A Brief Survey of the West Virginia Law of Compensability,"* 62 W. VA. L. REV., 303, 312 (1960). See *Barnett v. State Workmen's Compensation Commissioner, supra;* 21A M.J., *Workmen's Compensation*, Section 30 (1964). A compensable accident, according to the interpretations of past cases, is an injury incurred by an employee "attributable to a definite, isolated, fortuitous occurrence." *Adams v. G.C. Murphy Company, a Corporation*, 115 W.Va. 122, 174 S.E. 794 (1934); *Jones v. Rinehart & Dennis Co., Inc.*, 113 W.Va. 414, 423, 168 S.E. 482 (1933). Back injury cases which occur in the course of and resulting from employment have been found

compensable on many occasions. *Pennington v. State Workmen's Compensation Commissioner,* 154 W.Va. 378, 175 S.E.2d 440 (1970); *Richardson v. State Workmen's Compensation Commissioner,* 153 W.Va. 454, 170 S.E.2d 221 (1969); *Hosey v. Workmen's Compensation Commissioner,* 151 W.Va. 172, 151 S.E.2d 729 (1966); *McGeary v. State Compensation Director,* 148 W.Va. 436, 135 S.E.2d 345 (1964); *Stone v. Compensation Appeal Board,* 106 W.Va. 572, 146 S.E. 372 (1929). Even those back cases similar to the one we are considering which result in disability, though no "breakage" such as a herniation of a disc occurs, have been held compensable when the injury is attributable to a definite, isolated fortuitous occurrence in the course of and resulting from employment. *Dunlap v. Workmen's Compensation Commissioner,* 152 W.Va. 359, 163 S.E.2d 605 (1968).

But these cases are further complicated when the claimant has a preexisting back condition and claims a new injury. Then it becomes difficult for the board, as the fact-finding body, to distinguish an injury caused by a risk arising or resulting from employment and an injury which results from a risk clearly personal to the employee. "Harms from the first one are universally compensable. Those from the second are universally non-compensable." 1 LARSON, WORKMEN'S COMPENSATION LAW, Section 7.00 (1972).

In the personal risk category, it is unquestioned that when one incurs a disability personal to his own condition of health, though the disability may occur in the course of employment, it is not compensable. *Martin v. State Compensation Commission, supra.* For example, when one has a preexisting heart condition and expires while sitting at his work desk and under no unusual physical or emotional strain, that disability, in that case death, is not compensable and not chargeable to his employer.

On the other hand, when one receives a disability which results from a risk associated with employment, it is compensable. For example, a coal miner driving a buggy

suffered a heart attack immediately after striking a rut which shook his arm and shoulder violently. He was performing his normal and usual duties of employment and it was determined he suffered a compensable injury. *Sowder v. State Workmen's Compensation Commissioner,* 155 W.Va. 889, 189 S.E.2d 674 (1972).

The difficulty arises, however, in the category of "mixed" risk, when a personal cause and an employment cause may combine to produce the harm. The instant case is an example wherein an employee with a preexisting infirmity such as a back condition claims to suffer a new or superimposed injury due to an incident of his employment. In this case, claimant Jordan was handling and lifting a seventy-five pound box of insulation and claims to have re-injured or aggravated a preexisting back condition.

This Court has often recognized that a preexisting infirmity of an employee does not disqualify him from prosecuting a successful claim for compensation based upon a new injury arising from his employment. *Caldwell v. Workmen's Compensation Commissioner,* 106 W.Va. 14, 144 S.E. 568 (1928). But where there is evidence of a preexisting like injury, his new claim will not be treated as compensable unless it is directly attributable to a definite, isolated and fortuitous occurrence, that is to say, from a definable incident resulting from his employment. The preexisting condition ". . . does not dispense with the necessity of showing that the injury was actually caused by an accident or injury received in the course of and arising from the employment. . . . Our statute so requires." *Martin v. State Compensation Commission, supra,* at 587.

Although recognizing that the employer must take the employee as he finds him—with all of his attributes and all of his previous infirmities, it is also axiomatic that the employer, by subscribing to the workmen's compensation fund, does not thereby become the employee's insurer against all ills or injuries which may befall him. *Barnett v. State Workmen's Compensation*

*Commissioner, supra; Jones v. Rinehart & Dennis Co., Inc., supra.*

This Court has approved the award of compensation for a "non-breakage" or soft tissue injury to the back such as a sprain or strain though coupled with evidence of a preexisting back condition where the injury was established to the satisfaction of the board as resulting from employment. *Dunlap v. Workmen's Compensation Commissioner, supra.*

In the *Dunlap* decision, *supra,* the claimant, a cook at a restaurant who was awarded compensation by the board, injured her back when she bent over to pick up an empty pan weighing one to two pounds and was struck with back pain when resuming a standing position. There was evidence of a preexisting back condition from arthritic degeneration. There was no eye-witness corroboration of the accident but a daughter of the claimant testified that her mother had no pain previous to the lifting incident and manifested pain subsequent to the incident. There was documentary evidence of doctors' receipts for services rendered for lower back sprain or strain. The board reversed the commissioner and found compensability and this Court affirmed, on the basis that the finding of the board was not clearly wrong.

As to the proof of the back injury resulting from employment, the *Dunlap* case is certainly weaker than the controverted facts in the case at hand. But it is not the province of this Court to find or not find a back injury resulting from employment. Our function, as we apprehend it, is to test the validity of the board's legal decision on the facts before it and to give consideration that the board had to choose one of three versions of how the accident occurred.

Where the evidence supports a theory of harm or disability occurring: (1) with a single incident of lifting a seventy-five pound box coupled with the onset of pain, or (2) a "slip" concurrent with lifting resulting in pain, or (3) no "slip" and no single, isolated fortuitous

occurrence but merely an onset of pain while performing normal and customary duties, who are we to say the board is clearly wrong in determining that the claimant did not suffer a personal injury resulting from employment within the meaning of Code, 23-4-1, as amended.

Though the claimant is entitled to the benefit of the liberality rule ". . . in appraising the evidence presented, nevertheless the burden of establishing a claim rests upon the person who asserts it and no rule of liberality will take the place of the requirement that the claim must be established by proof." *Whitt v. State Workmen's Compensation Commissioner,* 153 W.Va. 688, 693, 172 S.E.2d 375 (1970); *Eady v. State Compensation Commissioner,* 148 W.Va. 5, 132 S.E.2d 642 (1963).

When the proof of how the injury occurred is contradictory from claimant's own evidence, the board, as this Court has, will deem it unsatisfactory as speculative and inadequate to sustain a claim for workmen's compensation benefits. *Smith v. State Workmen's Compensation Commissioner,* 155 W.Va. 883, 189 S.E.2d 838 (1972); *Clark v. State Workmen's Compensation Commissioner,* 155 W.Va. 726, 187 S.E.2d 213 (1972).

On the other hand, the board could just as easily on these facts found the claim to be compensable as it did in the *Dunlap* case.

We do not hold the board to be clearly or plainly wrong in either case. Whether the employment aggravated or, combined with the internal weakness or infirmities of claimant to produce the injury, is a question of fact, not law, and a finding of the board on this question will not be disturbed on appeal. Code, 23-5-4a, as amended, recognizes that the Workmen's Compensation Appeal Board is a fact-finding agency, *Tate v. State Compensation Director,* 149 W.Va. 51, 138 S.E.2d 636 (1964), and "This Court will not reverse a finding of fact made by the Workmen's Compensation Appeal Board unless it appears from the proof upon which the appeal board acted that

the finding is plainly wrong." Syllabus, *Dunlap v. Workmen's Compensation Commissioner, supra.*

The board's decision is also bolstered by the fact that the commissioner arrived at the same conclusion. *Pennington v. State Workmen's Compensation Commissioner, supra; Dombrosky v. State Compensation Director,* 149 W.Va. 343, 141 S.E.2d 85 (1965); *Stevely v. Compensation Commissioner,* 125 W.Va. 308, 24 S.E.2d 95 (1943).

For the reasons stated in this opinion, the order of the Workmen's Compensation Appeal Board dated September 29, 1971 denying compensation, is affirmed.

*Affirmed.*

CAPLAN, JUDGE, dissenting:

Respectfully, I dissent from the opinion of the majority. My dissent does not reflect a difference of opinion so far as the law stated in the majority opinion is concerned, but goes rather to the application of the law to the facts of this case. So far as I have been able to determine, the claimant suffered an injury to his back as a result of lifting a box weighing seventy-five pounds. That this occurred during his employment is not in dispute. Therefore, the only other element that must be proved to find the claim compensable is that such injury resulted from the employment.

The injury, to be compensable, must be the result of a single, isolated, fortuitous event. In my opinion, that event was the lifting of the box. Proof was offered, and it was undisputed, that the claimant suffered pain in his back when he lifted the seventy-five pound box. This is what the claimant said on his C.D. 6 Form when he reported his injury. When this is not contested, what further need be proved? Is it material that he later testified that the mat slipped and that the board of appeals refused to believe such later testimony? I think not. The claimant's unrefuted proof is that he injured his back when, while employed by Union Carbide, he lifted a

box of insulation weighing seventy-five pounds. Inasmuch as this is not disputed, I believe that it is immaterial that, as the majority put it, there were "three versions of occurrence." None of the related versions tend to prove in any degree that the claimant did not injure his back as the result of lifting the box of insulation.

Furthermore, I cannot agree with the majority· in holding that the claimant's injury is not compensable because he had a preexisting back condition. This, in my opinion, cannot be considered "in the category of 'mixed' risk, when a personal cause and an employment cause may combine to produce the harm", as stated by the majority. It has long been held that an employer takes an employee in his then state of health and physical condition and that a preexisting injury will not preclude compensability for a second injury, even if of the same part of the body. As stated in a concurring opinion in *Caldwell v. Workmen's Compensation Commissioner*, 106 W.Va. 14, 144 S.E. 568: "An employee is certainly none the less entitled to compensation because he is unfortunate enough to carry on his body the effects of a former or primary injury, even though a later injury, being the one for which he seeks compensation, would not have been so serious but for the lingering effects of the former."

It must be kept in mind at this stage of the instant case we are not concerned with the percentage of disability to be awarded to this claimant. This is a determination of compensability only. If such claim is found to be compensable further hearings will be held to determine the percentage of disability, if any, and at that time the former or preexisting back injury may be considered in determining the award.

The present case is not affected by the so-called heart attack cases wherein this Court has held that a prior adverse heart condition when not aggravated by a single, isolated, fortuitous occurrence will not be compensable in the event of severe illness or death. I vigorously disagree with the thought that merely because an

employee is performing his usual and ordinary tasks of employment he cannot be compensated for injury received in the performance of such tasks. Such an interpretation applies only to heart attacks, strokes and associated cases where a preexisting disease was quite obviously the cause of the injury or death and not an injury received in his employment.

Even if, as related by the majority, there were three versions as to how the instant injury occurred, there is not, as I understand the facts, any denial that the claimant suffered a sharp pain in his back when he lifted the seventy-five pound box of insulation. This constitutes a single, fortuitous, isolated occurrence which furnishes the basis of compensability. Regardless of the other two versions, the board was clearly wrong in ignoring this undisputed relation of facts. Whether or not the mat slipped is immaterial and the preexisting back condition, in this case, is of no consequence. This injury occurred during the course of his employment and, as exhibited, certainly as a result of such employment. In support of the proposition that an injury is compensable if it occurs in the course of and as a result of his employment, see *Barnett v. State Workmen's Compensation Commissioner & Gauley Coal & Coke Co.*, 153 W.Va. 796, 172 S.E.2d 698; *Deverick v. State Compensation Director*, 150 W.Va. 145, 144 S.E.2d 498; *Emmel v. State Compensation Director*, 150 W.Va. 277, 145 S.E.2d 29.

I am fully aware of the well established principle holding that the finding of the appeal board will not be reversed unless it is clearly wrong. In this instance I believe that the claimant has carried the burden of proof as to the compensability of his injury and that the board is clearly wrong. I would remand this case for hearing to determine the percentage of disability, if any.