NORMAN G. PENNINGTON

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER

*and* UNITED STATES STEEL CORPORATION

(No. 13575)

Decided March 2, 1976.

*George D. Blizzard, II* for appellant.

*Campbell, Love, Woodroe, Gilbert & Kizer, George W. S. Grove, Jr.,* for appellees.

CAPLAN, JUSTICE:

This workmen's compensation appeal involves the question of the compensability of a claim filed by the

appellant, Norman G. Pennington, as a consequence of an injury allegedly suffered by him during his employment with the United States Steel Corporation, the appellee. The single issue to be resolved is whether, as contended by the appellant, the workmen's compensation appeal board was clearly wrong in holding that this claim was noncompensable. Specifically, upon examination of the record, does the evidence reveal that the claimant received an injury in the course of and as a result of his employment?

Norman G. Pennington, the claimant, was employed by the United States Steel Corporation in one of its mining operations as a belt patrolman. His duties on that job consisted of patrolling the conveyor belt line, cleaning up the spillage of coal and greasing the belt head. The claimant alleged that while so engaged in that employment on April 17, 1972, he sustained an injury to his back. He testified that he was shoveling coal onto the conveyor belt, "and it was wet, [I was] putting it on the belt, and I was cleaning up and putting my last shovelful on. And when I went to straighten up I couldn't straighten up, and I lost the use of my left leg. * * * When I throwed the last shovelful on I could not straighten up, and I felt the pain and lost the use of my left leg, just momentarily. I rubbed the feeling back in." The claimant immediately reported this incident to his foreman but he did not leave the mine, intending instead to finish the rest of his shift and to assist in repairing the belt. Immediately upon leaving the mine he went to Dr. Murry, the company doctor, for an examination. A day or two later he went to the hospital where he was further examined and treated for his back injury.

On May 19, 1972 the claimant filed a claim for compensation and on June 6, 1972 the commissioner entered an order holding the claim compensable. The employer, the United States Steel Corporation, filed a timely protest and the matter was later set for hearing on January 19, 1973.

At this employer's protest hearing Dr. Ray E. Burger testified on behalf of the employer. According to his testimony, Mr. Pennington was seen shortly after his alleged injury of April 17, 1972 by one of his surgical staff physicians, Dr. Aseron, and later by Dr. Burger on several occasions. He said that the claimant told him that he had hurt his back while shoveling coal the previous night, April 17, 1972. This would indicate that the claimant reported to Dr. Burger on April 18, 1972. Dr. Burger testified that the claimant's examination was essentially negative except for subjective symptoms. He said "It was thought that he had a back strain and was placed on Roboxin and Darvon and allowed to go home." Thereafter Dr. Burger enumerated eleven separate dates on which the claimant was seen and treated at the hospital for this back condition. He further testified that there was nothing in the hospital records to indicate that this claimant had formerly had any treatment for back difficulties.

The claimant also testified at the January 19, 1973 hearing. Aside from relating the manner in which his back was injured, he stated that he had had no back trouble during this employment or during former employment in smaller mines. He said, however, that he is now having "trouble" with his back.

After several scheduled hearings, most of which were continued upon the motion of the employer and during which little evidence was taken, the workmen's compensation commissioner on June 24, 1974 entered an order again holding the claim to be compensable. The employer appealed the commissioner's ruling to the workmen's compensation appeal board and on January 28, 1975 the appeal board reversed the commissioner, holding that this claim was noncompensable. It is from that order that this appeal is prosecuted.

Subsequent to the ruling of the commissioner holding the claim compensable, the employer, by letter dated July 25, 1974, forwarded to the commissioner the "claimant's work record and copies of illness slips showing the

reason for some of his absences during the period in question." The following handwritten notation is in evidence upon the said work record: "Has not worked since 11-17-73. Ulcers and nervous condition." This letter containing the work record was in the file when the appeal board considered the case.

In its opinion the appeal board said that "there was no personal injury attributable to a definite, isolated, fortuitous occurrence." Further, the board commented that the claimant's absences were from "other causes which had no relationship to his employment." Concurring in the holding of the appeal board, the employer here contends that the claimant did not receive an injury but rather that he has a back ailment which occurred while he was engaged in his ordinary and usual duties of his employment. This, asserts the employer, does not constitute a personal injury, there being no evidence of a definite, isolated fortuitous occurrence.

Upon examination of the record, we are of the firm opinion that the appeal board was clearly wrong in holding the claim to be noncompensable. Its ground for so holding was that there was no personal injury attributable to a definite, isolated, fortuitous occurrence. It is apparent that the appeal board and the employer take the position that since the claimant experienced pain while he was engaged in the usual duties of his employment, such pain or back condition could not constitute an injury in the contemplation of the workmen's compensation law. This position is without merit. The sole requirement for compensability under the workmen's compensation law is that an employee shall "have received personal injuries in the course of and resulting from their covered employment." *W. Va. Code*, 1931, 23-4-1, as amended.

The unrefuted evidence of record in the instant case reveals that the claimant during the performance of his usual duties experienced sudden, severe and disabling pains in his back, though the disabling effect was temporary. Certainly this experience of sudden pain was an

occurrence which took place in the course of his employment; unquestionably, the pain, being diagnosed as back strain, was the result of his employment. The definite, isolated, fortuitous occurrence (which the appeal board said was nonexistent in this case) was the act of shoveling coal during which he experienced sudden and severe pain. Certainly this satisfies the requirements of *W. Va. Code*, 1931, 23-4-1, as amended, which mandates that an injury is compensable if it occurs in the course of and resulting from employment. One does not have to be struck by a truck or to be deluged by a slate fall to receive a compensable injury within the contemplation of our compensation law. To say that one who injured his back while shoveling coal could not receive workmen's compensation merely because shoveling coal was the usual duty of his employment would be most inequitable and would defeat the human and beneficent purpose for which the workmen's compensation laws were designed. We are cognizant of *Jordan v. State Workmen's Compensation Commissioner and Union Carbide Corporation*, W. Va., 191 S.E.2d 497, wherein the Court said that West Virginia is a jurisdiction which requires proof of injury by accident. However, when considering compensability under the compensation law an accident need not be a visible happening; it may be an unusual or unexpected result attending the operation or performance of a usual or necessary act or event. Black's Law Dictionary 30 (4th ed. 1951).

The "accident" resulting in injury in the instant case was not a visible happening. However, the sudden severe back pain experienced by this claimant was an unusual or unexpected result attending the performance of a usual act. In *Derby v. Swift & Co.*, 188 Va. 336, 49 S.E.2d 417 (1948), the court said: "To constitute an injury by accident it is not necessary that there must be a 'fall, slip or other fortuitous circumstance' * * * it is not necessary that there should be an extraordinary occurrence in or about the work engaged in."

*See, Reserve Life Insurance Company v. Hosey*, 208 Va. 568, 159 S.E.2d 633 (1968), wherein the claimant's usual and ordinary duties of employment consisted of walking from door to door for the purpose of conducting a survey. During this employment, the claimant, while walking up the front steps approaching a house, experienced sudden severe pain in her knee. This was declared by the court to be a compensable injury under Virginia's compensation statute, *Code* 65-7, under which an injury, to be compensable, must be an "injury by accident." We are in agreement with the above decisions which liberally construe the term "accident" in workmen's compensation cases. Consequently, we hold, in the instant case, that the claimant's injury was compensable, as occurring as the result of an accident within the contemplation of our workmen's compensation law.

The record is replete with evidence of the injury suffered by the claimant. He testified that he experienced sudden severe pain; that he immediately reported this injury to his foreman; that he reported to the company doctor immediately upon leaving the mine; that he was treated the next day at the hospital; that Dr. Burger treated him for back strain which he considered a result of the reported injury; and that he was treated on at least eleven different occasions by Dr. Burger for this back condition. None of this evidence is in any manner refuted. It constitutes a sufficient basis for compensability.

At this stage of the instant case we are not concerned with the percentage of disability to be awarded to this claimant. This is a determination of compensability only. Further proceedings will determine the percentage of disability, if any.

We find, for the reasons stated herein, that the ruling of the workmen's compensation appeal board was clearly wrong. Therefore, the ruling is reversed and the case is remanded with directions that the claim be held compensable and with further directions that, in determining the percentage of disability, if any, the entire file,

including the employer's letter of July 25, 1975, be considered.

*Reversed and remanded with directions.*