# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**ST. MARY'S MEDICAL CENTER, INC.,**
**Employer Below, Petitioner**

**FILED**
July 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 11-1580** (BOR Appeal No. 2045871)
                              (Claim No. 2010131869)

**KENNETH H. CARTER,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner St. Mary's Medical Center, Inc., by H. Toney Stroud, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated October 18, 2011, in which the Board affirmed an April 7, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 4, 2010, decision rejecting Mr. Carter's application for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Carter worked as a social worker for St. Mary's Medical Center, Inc. On April 19, 2010, he injured his lumbar spine when he assisted a patient that almost fell from a bed. Mr. Carter suffered from lumbar spine problems prior to the injury. On May 4, 2010, the claims administrator rejected Mr. Carter's application for workers' compensation benefits because an injury did not occur within the scope of his employment.

The Office of Judges reversed the claims administrator's decision, and held that the preponderance of the evidence established that Mr. Carter incurred a lumbar spine injury in the course of and as a result of his employment on April 19, 2010. On appeal, St. Mary's Medical Center argues that Mr. Carter's current condition is not attributable to his employment, but rather

1

he aggravated his preexisting condition a month prior to the alleged compensable injury and was receiving active treatment for the preexisting condition at the time of the alleged injury. In an August 10, 2010, letter Dr. Weinstein stated that Mr. Carter was injured when he lifted a patient, which aggravated his condition.

The Office of Judges concluded that the claims administrator's determination that Mr. Carter's injury was not compensable because he was outside the scope of employment was without merit. It relied on *Jordan v. State Workmen's Compensation Commissioner*, 156 W.Va. 159, 191 S.E.2d 497 (1972), and Dr. Weinstein's narrative to find that the incident on April 19, 2010, should be compensable as it was an isolated event that aggravated a preexisting condition. The Board of Review reached the same conclusions in its decision of October 18, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 19, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II