# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 14, 2016

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**WEST VIRGINIA DEPARTMENT OF HEALTH
AND HUMAN RESOURCES AND WELCH
EMERGENCY HOSPITAL,**
**Employer Below, Petitioner**

**vs.)    No. 14-0874** (BOR Appeal No. 2049249)
              (Claim No. 2013019239)

**REBECCA D. HASSAN,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner West Virginia Department of Health and Human Resources and Welch Emergency Hospital, by Lisa Warner Hunter, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Rebecca D. Hassan, by Jerome J. McFadden, her attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 5, 2014, in which the Board reversed a February 5, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 1, 2013, decision to reject the claim. The Board of Review held the claim compensable and remanded the case to the claims administrator for further processing in light of its ruling. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Hassan, a meter reader for the West Virginia Department of Health and Human Resources and Welch Emergency Hospital, allegedly injured her left shoulder while carrying x-

1

ray jackets on October 19, 2012. She stated that the jackets weighed thirty to forty pounds, and she felt a burning sensation in her shoulder while moving them. She sought treatment at Princeton Community Hospital where Michael R. Mills, D.O., diagnosed a left shoulder strain. On October 21, 2012, Ms. Hassan filed an application for benefits. The application was signed by Dr. Mills and stated the injury was a left shoulder sprain, which aggravated a prior injury. The next day, an application for temporary total disability benefits was filed. That application was also signed by Dr. Mills and stated that on October 19, 2012, Ms. Hassan reinjured her left shoulder while carrying x-ray jackets. He recommended that Ms. Hassan be seen by Dr. Branson. The claims administrator denied the request for further temporary total disability benefits on November 26, 2012. On April 1, 2013, the claims administrator rejected the claim.

On August 1, 2013, Ms. Hassan was deposed. She testified that she went to a warehouse to pull old x-ray jackets. She transported them from the warehouse to her car. When she attempted to remove them from her car she felt a painful burning sensation in her left shoulder. She described the jackets as weighing thirty to forty pounds. She testified that she felt swelling in her left upper extremity. Ms. Hassan indicated that on January 28, 2011, she underwent left rotator cuff repair surgery for a different injury. She had returned to work for approximately ten months after that injury before she was reinjured on October 19, 2012. She indicated that she had no restrictions relating to her prior injury. Ms. Hassan testified that she believed the sensation she experienced on October 19, 2012, was different from her prior injury. She testified that she went to Princeton Community Hospital the following day where she saw Dr. Mills. Dr. Mills initially filed a new injury claim form. Welch Emergency Hospital, Ms. Hassan's employer, gave her a reopening application. Dr. Mills completed that form as well. Ms. Hassan filed both forms and indicated that the petition to reopen her old claim was denied. Ms. Hassan testified that since her 2011 injury, she experiences severe pain in her left upper extremity from time to time.

The Office of Judges determined that Ms. Hassan did not suffer an injury on October 19, 2012. The Office of Judges determined that Ms. Hassan went to Princeton Community Hospital one day after experiencing pain on October 19, 2012, and represented that she believed that she might have reinjured her left shoulder. Dr. Mills then completed her report of injury, noting that she reinjured her shoulder. The Office of Judges concluded that it was unclear to what extent Dr. Mills was representing his own informed medical opinion versus the representations that Ms. Hassan had presented to him. The Office of Judges found that, as the protesting party, Ms. Hassan carried the obligation to introduce evidence in support of the compensability of her claim. The Office of Judges advised that the record reflects Ms. Hassan had a serious prior left shoulder injury. Ms. Hassan had been back to work approximately ten months before the October 19, 2012, incident. The Office of Judges also found that she may have had ongoing problems with her left shoulder. The Office of Judges further recognized that on October 19, 2012, Ms. Hassan did not experience a fall, slip, or anything other than merely carrying relatively heavy x-ray jackets. The Office of Judges determined that given the proximity in time, the severity of the former injury, and the lack of any overt incident on October 19, 2012, no new injury or aggravation occurred on October 19, 2012. Ms. Hassan protested.

The Board of Review determined that the Office of Judges was clearly wrong considering the reliable, probative, and substantial evidence on the whole record. The Board of Review noted

that Dr. Mills diagnosed an occupational injury which aggravated a prior injury. The Board of Review determined that the report of Dr. Mills was persuasive and deserving of weight. The Board of Review also found that there was no persuasive evidence that Ms. Hassan did not injure her shoulder on the day in question.

We agree with the decision of the Board of Review. Ms. Hassan has introduced sufficient credible evidence from Dr. Mills that she injured her shoulder on October 19, 2012, in the course of and as a result of her employment. The Office of Judges justified its decision to reject the claim by finding that it was uncertain whether Dr. Mills formed his own opinion or simply repeated Ms. Hassan's account of the injury. It was clearly wrong for the Office of Judges to completely disregard a professional medical opinion without a reasonable reason to do so, especially when it was the only medical opinion contained in the record. It was also unreasonable to reject Ms. Hassan's application for benefits simply because she has suffered a more serious prior injury to her shoulder. Pursuant to the holding in *Jordan v. State Workmen's Compensation Commissioner*, 156 W. Va. 159, 191 S.E.2d 497 (1972), a preexisting infirmity does not preclude compensability of an injury as long as the injury is from a definable incident resulting from his employment. Dr. Mills opined that Ms. Hasan did in fact aggravate a prior injury. Dr. Mills provided the only medical opinion in the record. The Office of Judges' conclusion that the only medical opinion in the record is wrong without a plausible explanation ignores the reliable, probative, and substantial evidence on the whole record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  April 14, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II