## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

FILED
March 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WANDA ADKINS,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1227** (BOR Appeal No. 2047106)
             (Claim No. 2011040855)

**BOONE NURSING &**
**REHABILITATION CENTER,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Wanda Adkins, by John Blair, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Boone Nursing & Rehabilitation Center, by Patricia McEnteer, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 21, 2012, in which the Board affirmed a March 21, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 28, 2011, decision which denied compensability of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Adkins, a licensed practical nurse, alleges she sustained an injury to her shoulder in the course of her employment while she was either pushing a medicine cart or lifting a patient. In his treatment note dated January 18, 2011, Buddy Hurt, D.O., indicated that Ms. Adkins presented to his office with complaints of shoulder pain. He noted that she reported no apparent injury. Ms. Adkins was treated by Mark McDaniel, D.O., on May 3, 2011. At that time, she reported that she injured her shoulder in the course of her employment in January of 2011 while

1

lifting or carrying a patient. She was diagnosed with a rotator cuff tear. A few weeks later, on May 23, 2011, she was treated by Robert McCleary, D.O., He indicated in his report that Ms. Adkins stated her injury occurred at work while she was lifting patients or pushing a medicine cart. She was uncertain which activity actually caused the rotator cuff tear.

Ms. Adkins testified in a deposition on August 30, 2011, that she injured her shoulder pushing a medicine cart for eight hours. She also stated that the injury could have occurred as the result of lifting patients. She thought that the shoulder pain she reported to Dr. Hurt in January of 2011 was unrelated to her employment. However, she did believe that her April of 2011 symptoms resulted from her employment duties.

Ms. Adkins's supervisor, Ms. Georgie Bosso, was deposed on December 16, 2011. She testified that in May of 2011, Ms. Adkins stated that she did not know how she injured her shoulder; however, she planned to report that she sustained the injury in the course of her employment. Ms. Bosso stated that the medicine cart Ms. Adkins pushed was on wheels and contained medication for thirty patients. Ms. Adkins was the only employee to ever have problems pushing the medicine cart. Boone Nursing & Rehabilitation Center is a no-lift facility. Ms. Bosso elaborated that this means the staff are instructed never to lift a patient themselves. Machines are used to lift patients when necessary and are located throughout the facility. Ms. Adkins signed a document on December 19, 2010, acknowledging her understanding of this policy.

Ms. Adkins's medical records were reviewed by Brian Jewell, M.D., in November of 2011. He opined that there was no reasonable specific event in this case that would have caused Ms. Adkins to sustain a rotator cuff tear. He determined that the injury was likely the result of aging, time, and an anterior subacromial spur. It was his opinion that there was no history consistent with a work-related injury and that pushing a medicine cart would not have caused the condition. He concluded that Ms. Adkins did not sustain a work-related injury in January or April of 2011.

The claims administrator denied compensability of the claim in its June 28, 2011, decision. The Office of Judges affirmed that decision in its March 21, 2012, Order. It determined that the evidentiary record failed to prove that Ms. Adkins incurred a left shoulder injury in the course of her employment. This Court held in *Jordan v. SWCC*, 156 W.Va. 159, 191 S.E.2d 497, 501 (1972), that when proof of the manner in which an injury occurred is contradictory to the claimant's evidence, that evidence will be deemed unsatisfactory as speculative and inadequate to sustain a claim. The Office of Judges found that Ms. Adkins's evidence was contradictory and failed to support her assertion that she was injured in the course of her employment. Per the *Jordan* standard, her evidentiary presentation was deemed unsatisfactory to support her contention.

The Office of Judges concluded that Ms. Adkins's medical evidence lacked consistency or correlation with her testimony. She testified that she injured her shoulder on April 28, 2011, but her medical records indicate she reported injuring her shoulder at work in January of 2011. In Dr. McCleary's progress note, he reported the date of injury as January 18, 2011, and stated that

the reported mechanism of injury was lifting patients or pushing a medicine cart. However, Dr. Hurt's treatment note from January of 2011 shows that Ms. Adkins reported no known injuries. She testified in her deposition that her January of 2011 complaints were not work-related. The Office of Judges concluded that the treatment records of Drs. Hurt, McDaniel, and McCleary raised a possible correlation between Ms. Adkins's injury and her employment, but they failed to clarify or opine that the condition was the proximate result of her employment duties. The Office of Judges found that Ms. Adkins failed to rebut or respond to the employer's assertion that it operated under a no-lift policy. Also, she failed to respond to or rebut the testimony of Ms. Bosso. Ultimately, the Office of Judges held that Ms. Adkins's evidentiary presentation was consistent with Dr. Jewell's opinion that it was not likely her left shoulder injury was the result of her employment duties.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 21, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidentiary record is unclear and inconsistent regarding both the mechanism and date of injury. Additionally, the medical evidence fails to support Ms. Adkins's contention that she injured her shoulder in the course of her employment. The decision of the Board of Review is supported by the evidentiary record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING**:
Justice Margaret L. Workman

3