# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
**November 14, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**BRUCE JOHNSON,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0152**  (BOR Appeal No. 2048675)
                     (Claim No. 2012019088)

**MID-OHIO VALLEY TRANSIT AUTHORITY, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Bruce Johnson, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Mid-Ohio Valley Transit Authority, Inc., by Matthew Williams, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 23, 2014, in which the Board modified a July 17, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 6, 2012, decision rejecting Mr. Johnson's claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Johnson alleges that he injured his neck and lower back on October 14, 2011, during the course of his employment as a bus driver with the Mid-Ohio Valley Transit Authority while assisting a passenger who had fallen. On the alleged date of injury, Mr. Johnson completed and signed an incident report stating that he "pulled [his] back out again" and that the "nerve in [his] left leg felt like it was ripping again" following his attempt to help a passenger who had fallen.

1

On October 17, 2011, Mr. Johnson sought treatment with Michael Shramowiat, M.D., who noted that Mr. Johnson reported sustaining a work-related injury on October 14, 2011, while assisting a passenger on the bus he was driving. Dr. Shramowiat further noted that Mr. Johnson reported experiencing a pop in his back and neck with immediate pain in the left upper extremity. On December 6, 2011, an Employee's and Physician's Report of Injury was completed. In the employee's section of the form, Mr. Johnson indicated that he injured his mid-back, neck, and lower back while lifting a passenger on his bus on October 14, 2011. The physician's section of the form was completed by Dr. Shramowiat, who stated that Mr. Johnson sustained an occupational lifting injury to his head and back. Dr. Shramowiat listed Mr. Johnson's current diagnoses as neck sprain, brachial neuritis or radiculitis, lumbar sprain, and headache. On January 6, 2012, the claims administrator rejected Mr. Johnson's application for workers' compensation benefits. Finally, Robert Crow, M.D., examined Mr. Johnson on May 15, 2013, and also noted that Mr. Johnson reported sustaining a neck injury while assisting a passenger on October 14, 2011.

In its Order reversing the January 6, 2012, claims administrator's decision, the Office of Judges held that the evidence of record establishes that Mr. Johnson sustained compensable injuries to his neck and back in the course of and resulting from his employment and held the claim compensable for cervical and lumbar sprains. The Board of Review modified the Office of Judges' Order and held that the only compensable component of the claim is a lumbar sprain/strain. On appeal, Mr. Johnson asserts that the evidence of record demonstrates that he sustained both a cervical and a lumbar sprain in the course of and resulting from his employment on October 14, 2011. The Mid-Ohio Valley Transit Authority asserts that the Board of Review properly concluded that Mr. Johnson did not sustain a cervical sprain in the course of and resulting from his employment and sustained only a compensable lumbar sprain on October 14, 2011.

The Office of Judges noted that the Mid-Ohio Valley Transit Authority submitted into evidence a report from Allan Figueroa, M.D., dated June 14, 2011, to show that in the months before the alleged injury, Mr. Johnson reported experiencing neck pain with radiculopathy. The Office of Judges looked to this Court's decision in *Jordan v. State Workmen's Compensation Commissioner*, 156 W.Va. 159, 191 S.E.2d 497 (1972), in finding that the mere presence of a pre-existing condition does not prevent a claimant from prosecuting a claim for workers' compensation benefits. The Office of Judges found that the evidence of record demonstrating the existence of pre-existing neck pain fails to prove that Mr. Johnson did not sustain a new work-related injury to his neck on October 14, 2011.

The Office of Judges then found that although Mr. Johnson did not indicate that he sustained a neck injury while completing the initial incident report on the alleged date of injury, Mr. Johnson did report sustaining a neck injury to Dr. Shramowiat three days after the alleged date of injury and also reported sustaining a neck injury on his application for workers' compensation benefits. The Office of Judges concluded that Mr. Johnson's failure to mention the existence of a neck injury on the initial incident report, alone, should not preclude him from receiving workers' compensation benefits for that body part and further concluded that the

evidence of record demonstrates that Mr. Johnson sustained a work-related neck injury on October 14, 2011.

Finally, the Office of Judges noted that the Mid-Ohio Valley Transit Authority submitted certain evidence in an attempt to damage Mr. Johnson's credibility. In particular, the Office of Judges noted the submission of video surveillance footage showing Mr. Johnson performing various activities of daily living and also noted the submission of evidence that Mr. Johnson misrepresented to his supervisor that he possessed a valid driver's license, as is required for the performance of Mr. Johnson's job duties. The Office of Judges found that the evidence submitted concerning Mr. Johnson's credibility does not prevent him from receiving workers' compensation benefits for compensable injuries sustained in the course of and resulting from his employment. With regard to the video surveillance footage purporting to show Mr. Johnson's ability to engage in various tasks, the Office of Judges specifically found that the sole issue ripe for consideration is compensability, and not the extent of any permanent impairment arising from the injury.

The Board of Review affirmed the Office of Judges' finding that Mr. Johnson sustained a lumbar sprain in the course of and resulting from his employment. However, the Board of Review found that the Office of Judges' analysis regarding the compensability of the cervical sprain/strain is clearly wrong, and held that Mr. Johnson failed to demonstrate that he sustained a neck injury in the course of and resulting from his employment. In support of its conclusion, the Board of Review relied on Mr. Johnson's failure to mention that he sustained a neck injury when completing the initial incident report, and also relied on its finding that Mr. Johnson suffered from neck problems prior to the alleged date of injury.

Upon review, we agree with the conclusion of the Office of Judges and Board of Review that Mr. Johnson sustained a lumbar sprain in the course of and resulting from his employment. However, we find that the Board of Review's conclusion that Mr. Johnson did not sustain a cervical sprain in the course of and resulting from his employment is based upon a material mischaracterization or misrepresentation of the evidentiary record. The evidence on which the Board of Review relied is insufficient to support a reversal of the Office of Judges' Order. We agree with the Office of Judges' conclusion that Mr. Johnson's failure to mention a neck injury on the initial incident report is insufficient to support a finding that he did not injure his neck in the course of and resulting from his employment on October 14, 2011, particularly in light of the fact that from the time Mr. Johnson initially sought medical treatment for his symptoms onward he consistently reported that he sustained injuries to both his neck and his back. Moreover, the Mid-Ohio Valley Transit Authority acknowledges in its appellate brief that the mere late reporting of the neck injury by Mr. Johnson does not form an adequate basis for the rejection of compensability for the cervical sprain. Further, the Board of Review's finding that Mr. Johnson failed to prove that he sustained a neck injury in the course of and resulting from his employment simply because he experienced neck pain prior to the October 14, 2011, injury is contrary to this Court's decision in *Jordan*.

For the foregoing reasons, we find that the decision of the Board of Review is based in part upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the

3

Board of Review's conclusion that Mr. Johnson sustained a lumbar sprain in the course of and resulting from his employment is affirmed. The Board of Review's conclusion that Mr. Johnson did not sustain a cervical sprain in the course of and resulting from his employment is reversed and the claim is remanded with instructions to add cervical sprain as a compensable component of the claim.

Affirmed in part, reversed and remanded in part.

**ISSUED:   November 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II