# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 16, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**KAREN COX,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0871** (BOR Appeal No. 2049240)
    (Claim No. 2014017721)

**FAIRFIELD INN,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Karen Cox, by Reginald D. Henry, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Fairfield Inn, by Tanya L. Kaplan and Jeffrey B. Brannon, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 5, 2014, in which the Board affirmed a February 27, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 25, 2013, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon erroneous conclusions of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Cox, a front desk clerk, was injured in the course of her employment on November 11, 2013, when she walked around a corner and twisted her right ankle. Immediately following the injury, she called her manager to take over her shift and had her father drive her to the emergency room. Treatment notes from Raleigh General Hospital indicate that she had a right ankle sprain/strain. An employee's and physician's report of injury states that she sustained a work-related right ankle sprain/strain. Fairfield Inn questioned the injury in its report of injury because there were no witnesses to the incident and the carpeted area where Ms. Cox fell was in

1

excellent condition. Ms. Cox's manager, Joseph Wolfe, reiterated in an affidavit that the carpet in the area was in good repair and there were no objects on the floor that could have caused an injury.

Ms. Cox testified in a hearing before the Office of Judges that she had no physical problems prior to her compensable injury. She stated that she was walking to make sure all the guests were checked in prior to doing the nightly audit when her ankle twisted and she fell. She testified that she contacted her father and her boss immediately after the injury occurred. She was diagnosed with a severe sprain at the emergency room and followed up with an orthopedic doctor, Matthew Nelson, M.D., a few days later. She admitted that the floor that she fell on was in good condition and that she did not trip, slip, or fall over anything. She also admitted to suffering from pseudo seizures in the past but stated that she is on medication and has not had a seizure in a while. She asserted that she did not have a seizure on the date of her accident.

The claims administrator rejected the claim on November 25, 2013. The Office of Judges affirmed the decision in its February 27, 2014, Order. It stated that three elements must coexist in order for an injury to be compensable. The injury must be a personal injury, received in the course of employment, and resulting from that employment. In this case, the Office of Judges found that Ms. Cox sustained a personal injury. Based upon her medical records, she sustained a right ankle sprain/strain. The Office of Judges also determined that the injury occurred in the course of her employment. She credibly testified that she was at work on November 11, 2013, in the process of performing her employment duties, when the injury occurred. However, the Office of Judges found that she failed to meet the third element of compensability. It determined that she failed to show by a preponderance of the evidence that the injury resulted from her employment. She stated that she was walking around a corner when her ankle twisted and she fell. She testified in a hearing that she did not slip or trip on anything. The Office of Judges further found that her manager, Mr. Wolfe, stated in an affidavit that the surface she was walking on is carpeted and in excellent condition and there were no physical obstacles that caused her to fall. The Office of Judges therefore found that the injury was not compensable. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 5, 2014.

On appeal, Ms. Cox argues that though Fairfield Inn was not at fault for her injury, the Workers' Compensation system is a no fault system. She asserts that she is therefore not required to show fault and requiring her to do so imposes an unfair burden. Ms. Cox states that at the time of her injury, she was performing her work duties and not engaging in personal activities. Fairfield Inn argues that Ms. Cox's injury could have occurred at any time or place and was not related to her employment. It states that she did not slip, trip, or fall due to objects in her path. It asserts that Ms. Cox was injured while performing an activity incidental to everyday life, and the mere fact that it occurred at work does not make it compensable.

After review, we find that the Board of Review's decision is based upon erroneous conclusions of law. The Office of Judges was correct in its reasoning for the first two elements of compensability. Ms. Cox credibly testified that she sustained a personal injury in the course of her employment. However, the Office of Judges erred in finding that the injury did not occur as a

2

result of her employment. At the time that she was injured, Ms. Cox was walking from the back desk to the front desk in order to perform her job duties. The fact that she did not slip or trip is irrelevant to the issue of compensability. There is also no evidence that her prior pseudo seizures contributed to her injury. The Workers' Compensation system is a no fault system, meaning Ms. Cox is not required to prove unsafe work conditions in order for an injury to be held compensable. Ms. Cox has met the requirements of compensability under *Barnett v. State Workmen's Compensation Commissioner,* 153 W.Va. 796, 172 S.E.2d 698 (1970) and *Jordan v. State Workmen's Compensation Commissioner,* 156 W.Va. 159, 191 S.E.2d 497 (1972).

For the foregoing reasons, we find that the decision of the Board of Review is based upon erroneous conclusions of law. Therefore, the decision of the Board of Review is reversed and remanded with instructions to hold the claim compensable for right ankle sprain/strain.

Reversed and Remanded.

**ISSUED:   June 16, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin

3