# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 12, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT A. ADKINS,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0836** (BOR Appeal No. 2050236)
                    (Claim No. 2014004239)

**SWVA, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Robert A. Adkins, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. SWVA, Inc., by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 28, 2015, in which the Board affirmed a January 26, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 6, 2013, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon material misstatements and mischaracterizations of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Adkins, a crane operator, was injured in the course of his employment on August 3, 2013, when a crane malfunctioned and the cab he was standing in was jostled. Mr. Adkins sought treatment that evening. He was then treated by David Steele, M.D., where he reported cervical pain as well as soreness and stiffness throughout his lumbar and thoracic spines and both anterior thighs. It was noted that he was being treated, and had been for several years, for arthritis in his neck. He was diagnosed with knee, leg, lumbosacral, neck, and thoracic sprains and taken off of work for one week. On August 8, 2013, Rob Crowder, PT, noted that Mr.

1

Adkins was operating a crane when the cab fell five to ten feet and suddenly stopped. He reported cervical spine pain, headaches, and lower back pain. Mr. Crowder diagnosed acute sprain throughout the spinal region and scheduled him for physical therapy.

Franklin Scott Boggs, a mechanical engineer, investigated the incident and stated in an accident report that the fall brake for the cab and intermediate mast were both tripped. An inspection of the brake friction bar of the emergency brake showed no visible pattern or obvious trigger point. It was determined that if the cab were raised to full position, the fall distance for the cab would have been five and a half feet. Mr. Boggs mentioned the possibility that the cab did not fall at all and that the fall brake could have been triggered by jolting from the falling load. He later stated in a September 4, 2013, affidavit that after investigation, he concluded the safety brakes engaged and stopped the cab from falling. There were no marks on the cab indicating it hit the floor or anything else. He opined that, based on his knowledge as a mechanical engineer, the cab did not fall any distance at all. The claims administrator rejected the claim on September 6, 2013.

Mr. Adkins testified in a January 20, 2014, deposition that the cab he was working in was ten to twelve feet off the ground on the day in question. He was lifting a heavy load when the cable snapped, the load dropped, and the cab was jostled. The cab did not strike the ground but the safety brake did not engage to soften the fall. He stated that he never asserted that the cab fell fifteen to twenty feet and that someone at the hospital wrote that in error. He stated that the crane was removed from service that day and never used again. He felt fine immediately following the incident, which happened around 8:00 am; however, by lunch he was sore and had a headache. He finished his shift that day and sought medical attention that evening. He was off of work for a week following the accident. He asserted that he reported the accident to his boss immediately. He admitted to a work-related lower back injury in the 1980s that was treated with therapy and medication. He stated that he currently has range of motion loss in his neck due to pain.

On June 12, 2014, Marsha Bailey, M.D., performed an independent medical evaluation in which she diagnosed chronic cervical pain without radiculopathy and bilateral carpal tunnel syndrome. She opined that neither condition was related to his occupation or this claim. She further opined that, more likely than not, Mr. Adkins was not injured on August 3, 2013, while working in a crane. She stated that the mechanism of injury was not of the magnitude required to cause an injury. Dr. Bailey further stated that Mr. Adkins's chronic cervical pain is the result of pre-existing conditions, including cervical degenerative disc disease and degenerative joint disease, which were documented as early as 2007.

James "Turkey" White testified in a deposition on June 26, 2014, that he has known Mr. Adkins for fifteen years and worked with him for ten to twelve. He stated that he was present on August 3, 2013, and witnessed the incident. He wrote a statement three days later and read it into the record. On the day of the accident, Mr. White heard a noise and when the dust settled, Mr. Adkins asked if he saw that a cable was broken on the crane he was operating. Mr. White stated that Mr. Adkins would have dropped two to three feet in the cab of the crane when the cable broke. Mr. Adkins initially said he was okay but told Mr. White later that day that he was getting stiff from the accident. Mr. White admitted that he did not actually see the cab of the crane fall.

In a September 15, 2014, affidavit, William Crace stated that he was the primary technician assigned to service and maintain cranes for SWVA, Inc., when the incident occurred. He stated that he is personally familiar with the crane Mr. Adkins was using. He asserted that the crane has a fall brake to prevent the cab from falling if something goes wrong. However, that brake does not engage automatically, which means the cab would have fallen a short distance before being stopped by the brake. Mr. Crace believed it was reasonable to assume that Mr. Adkins's cab would have been jarred by the sudden stop.

Jason Bartee, Mr. Adkins's supervisor, stated in an October 10, 2014, affidavit that the August 3, 2013, accident was immediately reported to him. He asserted that the load Mr. Adkins was carrying when it fell could not have fallen far because it caused very little damage. If the cab fell at all, automatic brakes would have stopped it from hitting the ground. Mr. Bartee asserted that Mr. Adkins stated that he was not injured. He asked to fill out an incident report that same day but again said he was fine and just wanted to fill it out in case he was stiff the next day. Mr. Bartee denied that Mr. Adkins told him he was going to the doctor after his shift. He stated that Mr. Adkins performed other, more strenuous job duties for the remainder of the day. Mr. Bartee indicated that the emergency brakes on the cab engaged, and if the cab fell at all, it was only a few inches. He believed the cab was shaken or jarred by the incident but nothing more.

The Office of Judges affirmed the claims administrator's decision on January 26, 2015. It found that Mr. Adkins originally reported to St. Mary's Medical Center and Barboursville Physical Therapy that the cab of the crane fell twenty feet to the ground and then later acknowledged that he was mistaken. The Office of Judges found that Dr. Bailey opined that the mechanism of injury alleged was not of the magnitude required to cause any soft tissue or spinal injury. Dr. Bailey found that Mr. Adkins was sixty years old and had multilevel degenerative disc disease and degenerative joint disease. She also concluded that he was not a credible historian as he denied any prior neck injuries, pain, or treatment but his medical records show otherwise. Dr. Bailey stated that Mr. Adkins's chronic cervical pain is the result of pre-existing conditions, including cervical degenerative disc disease and degenerative joint disease. The Office of Judges also relied on affidavits by Mr. Bartee and Mr. Boggs. It agreed that, at most, the cab was shaken or jarred. The Office of Judges also agreed with Dr. Bailey that no significant injury occurred. It was determined that Mr. Adkins was less than forthcoming regarding his prior neck complaints and was not truthful in his initial report to healthcare providers when he asserted that his cab fell twenty feet. The Office of Judges concluded that Dr. Bailey's opinion that an injury did not occur was persuasive. Finally, the Office of Judges noted that Mr. Adkins repeatedly said that he was not injured following the accident and completed his work day doing more strenuous duties than normal. The claim was therefore found to be non-compensable. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 28, 2015.

After review, we find that the decision of the Board of Review is based on material misstatements and mischaracterizations of the evidentiary record. In order for a claim to be held compensable, a claimant must show that they sustained a personal injury in the course of and resulting from their employment. *Barnett v. State Workmen's Compensation Commissioner,* 153

W.Va. 796, 172 S.E. 2d 698 (1970), *Jordan v. State Workmen's Compensation Commissioner,* 156 W.Va. 159, 191 S.E. 2d 497 (1972). In this case, Mr. Adkins reported the incident to his supervisor as soon as it occurred. He filed an incident report that afternoon and sought medical treatment that evening. His account of the mechanism of injury has been consistent throughout his claim. Though there were discrepancies regarding how far his cab fell, the evidence of record establishes that the cab of the crane was at least jostled and shook, as the Office of Judges itself found. Though Mr. Adkins does have some pre-existing neck problems, and was not forthcoming about them, a prior injury to the neck does not prevent him from sustaining a new, work-related injury. Mr. Adkins has provided sufficient credible evidence to hold the claim compensable.

For the foregoing reasons, we find that the decision of the Board of Review is based upon material misstatements and mischaracterizations of the evidentiary record. Therefore, the decision of the Board of Review is reversed and remanded with instructions to hold the claim compensable and determine what conditions are causally connected to the work-related injury.

Reversed and Remanded.

**ISSUED: September 12, 2016**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Menis E. Ketchum