# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CHRISTOPHER RYAN,**
**Claimant Below, Petitioner**

**FILED**
**November 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-234**          (JCN: 2020012197)

**METALICO, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Christopher Ryan appeals the May 4, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Metalico, Inc. filed a timely response.[1] Mr. Ryan did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied the addition of hammer toes/claw toes and toe ulcers to the claim.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On or about November 6, 2019, Mr. Ryan was injured while employed for Metalico when an 8,000-pound beam fell and landed on his legs and feet. Emergency room records indicate that Mr. Ryan sustained many fractures in his legs, ankles, and feet. Relevant to this appeal, a CT scan of Mr. Ryan's left lower extremity revealed an acute nondisplaced intraarticular fracture of the cuboid at the fourth and fifth tarsometatarsal joints, an acute nondisplaced intraarticular fracture at the second metatarsal base, acute displaced proximal metadiaphyseal fractures of the third through fifth metatarsals, an acute nondisplaced

---

[1] Mr. Ryan is represented by Patrick K. Maroney, Esq. Metalico is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

[2] The Board also denied the addition of type 2 diabetes with diabetic polyneuropathy to the claim and closed the claim for temporary total disability benefits. However, Mr. Ryan does not appeal those aspects of the Board's order. Additionally, although the diagnoses update forms submitted below requested the addition of both hammer toes and claw toes in the claim, the Board grouped the diagnoses together and Mr. Ryan uses them interchangeably, as they appear to be synonymous.

intraarticular fracture of the hallux proximal phalanx base, acute nondisplaced fractures of the fourth and fifth phalanx bases, and plantar subluxation of the fourth proximal phalanx base. X-rays of the left foot revealed fractures of the second through fifth proximal metatarsals, a great toe proximal phalanges fracture, and an impacted fracture of the fifth toe proximal phalanges base. X-rays of the right foot revealed fractures of the bases of the fourth and fifth metatarsals.

By order dated November 18, 2019, the claim administrator held the claim compensable for broken feet, tibia, and fibula. X-rays were repeated in December of 2019. The x-ray of the left foot revealed progressive healing of the nondisplaced second metatarsal and of the comminuted displaced fractures of the third through fifth metatarsals, all without significant change in alignment. There was also progressive healing of the first proximal phalanx base and the fractures of the fourth and fifth proximal phalanx bases. There was an x-ray of the right foot as well, but the fifth metatarsal was not well visualized. Progressive healing was suspected, however.

On June 14, 2021, Jeffrey Wilps, DPM, completed a Diagnosis Update form, requesting that Type 2 diabetes mellitus with diabetic polyneuropathy and hammer toes of the right and left food be added as compensable conditions in the claim. Dr. Wilps asserted that Mr. Ryan's toe was broken in the compensable injury, causing a non-healing ulceration on the distal tip of the second toe on the left foot. Dr. Wilps further opined that the fracture of the second and third toes caused them to become deformed and hammered. By order dated August 3, 2021, the claim administrator denied the request to add these conditions to the claim.

Mr. Ryan testified via deposition in February of 2022. According to Mr. Ryan, his left foot was treated conservatively with no surgery. Mr. Ryan stated he had broken the second and third toes of his left foot and that they had become deformed and rubbed when he walked. Mr. Ryan denied having any problems with hammer toes prior to the injury and attributed the hammer toes on his right and left foot to the compensable injury.

Subsequently, Ivan Tarkin, M.D., completed a Diagnosis Update form in May of 2022, requesting that left foot metatarsal crush injury/fractures, claw toes, and toe ulcers be added as compensable conditions in the claim. Dr. Tarkin indicated that Mr. Ryan sustained severe comminution of metatarsal fracture that had healed but resulted in profound clawing of the tarsal/metatarsal.

Prasadarao Mukkamala, M.D., evaluated Mr. Ryan on July 8, 2022, and was asked to provide an opinion as to the requested conditions in the Diagnosis Update forms. Dr. Mukkamala noted that Mr. Ryan did have hammer toe deformities in both feet but opined that they were not causally related to the compensable injury. Dr. Mukkamala further noted that he had previously examined Mr. Ryan in March of 2021, sixteen months after the injury, and that there was no evidence of any toe deformities. Dr. Mukkamala opined that,

because Mr. Ryan had developed the deformities after he had reached maximum medical improvement for the compensable injury, the deformities were not causally related to the injury. Dr. Mukkamala instead attributed the toe deformities to degenerative conditions of the metatarsophalangeal joint in both feet, which were seen on CT scans performed around the time of the injury. Lastly, Dr. Mukkamala noted that Mr. Ryan fractured the fourth and fifth toes on the left foot, but the deformities were in the second and third toes, which also supported his conclusion that the deformities were not causally related to the injury. Regarding toe ulcers, Dr. Mukkamala opined that because they were on the second and third toes, they were attributable to the deformities in those toes rather than the compensable injury. The claim administrator issued an order on August 24, 2022, denying the request to add these conditions to the claim.

By order dated May 4, 2023, the Board affirmed the claim administrator's orders insofar as they denied hammer toes, claw toes, and toe ulcers to the claim.[3] The Board relied on Dr. Mukkamala's opinion that the toe deformities were not related to the compensable injury. The Board noted that Mr. Ryan's toe deformities appeared on both feet when he fractured only the metatarsals in the left foot.[4] The Board further found that the deformities occurred in the second and third toes whereas the fourth and fifth toes had been fractured. Mr. Ryan also had hallux valgus in both feet, and CT scans from the time of the injury revealed degenerative changes in the first metatarsophalangeal joint in both feet, which can lead to hallux valgus. The Board found this evidence supported Dr. Mukkamala's findings that the toe deformities were unrelated to the compensable injury, especially considering that Mr. Ryan developed the conditions in both feet. Likewise, the Board found that the toe ulcers were not causally related to the compensable injury as they were attributable to the toe deformities. Mr. Ryan now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

---

[3] The Board modified the order insofar as it added left foot metatarsal crush injury to the claim, finding that the claim had already been held compensable for broken feet, tibia, and fibula, which were broad and likely covered the requested condition. Out of caution, the Board added the left foot metatarsal crush injury to the claim as the medical records clearly supported compensability of the condition.

[4] Contrary to this statement, finding of fact Number 5 in the Board's order indicates that x-rays of the right foot revealed fractures at the bases of the fourth and fifth metatarsals. However, only the phalanges of the left foot were fractured. Because the Board provides additional explanation for why the toe deformities are not causally related to the compensable injuries, as set forth more fully above, we find that any misstatement by the Board was harmless error.

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:

(1) In violation of statutory provisions;

(2) In excess of the statutory authority or jurisdiction of the Board of Review;

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Ryan argues that the Board erred in denying the addition of claw toes/hammer toes and toe ulcers to the claim. Mr. Ryan argues that both Dr. Wilps and Dr. Tarkin found these conditions were related to the compensable injury, and the medical records are absent of any foot conditions or treatment prior to the injury.

We find no merit in Mr. Ryan's arguments. In order for a claim to be held compensable under the Workers' Compensation Act, three elements must coexist: (1) A personal injury, (2) received in the course of employment, and (3) resulting from that employment. *Jordan v. State Workmen's Comp. Comm'r*, 156 W.Va. 159, 163, 191 S.E.2d 497, 500 (1972) (citation omitted). Here, the Board found that the toe deformities and toe ulcers were not related to the compensable injury, and the evidence of record supports this conclusion. Imaging studies performed after the injury revealed that only the great toe and the fourth and fifth toes (phalanges) on the left foot were fractured in the injury. However, the toe deformities developed on both feet, despite the fact that no toes on the right foot were fractured, and they developed in the second and third toes, which were not fractured on either foot. Neither Dr. Wilps nor Dr. Tarkin explained these discrepancies in their Diagnosis Update forms. In contrast, Dr. Mukkamala explained that a CT scan performed around the time of the injury revealed that Mr. Ryan had degenerative conditions in the metatarsophalangeal joints and that the deformities were attributable to the degenerative conditions. Further, the toe ulcers developed on the same toes that were deformed, meaning they too were unrelated to the compensable injury. We find this evidence sufficient to support the Board's order denying the addition of these conditions and give deference to its findings. *See W. Va. Off. of Ins. Comm'r v. Johns*, No. 21-0811, 2023 WL 3968686, at *3 (W. Va. June 13, 2023) (memorandum decision) ("This Court may not reweigh the

4

evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review[.]").

Accordingly, based on the foregoing, we affirm the Board's May 4, 2023, order.

Affirmed.

**ISSUED:** November 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen


Judge Thomas E. Scarr, not participating