## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TODD A. ROBINSON,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0643** (BOR Appeal No. 2049222)
                        (Claim No. 2014011796)

**GENERAL GLASS COMPANY, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Todd A. Robinson, by Reginald D. Henry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. General Glass Company, Inc., by Tanya Kaplan and Jeffery B. Brannon, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 2, 2014, in which the Board reversed a February 5, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 18, 2013, decision to reject the claim and held the claim compensable for an L5-S1 disc herniation/replacement. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision was based upon violation of a statutory provision. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Robinson, a glazier for General Glass Company, stepped off a ladder and his right hip popped and began to burn on October 3, 2013. At some point, he was seen by the staff at Med Express. The physician at Med Express diagnosed a right hip sprain. General Glass Company introduced records from March 19, 1997, through March 17, 2008, from the South Central Regional Jail, which showed Mr. Robinson received medical treatment for unbearable pain in his knee and back. General Glass Company also introduced records from October 23,

1

2008, through January 24, 2012, from the Federal Bureau of Prisons, which showed Mr. Robinson had been having bilateral hip pain for around one year. He was also seen for chronic back pain. He also complained of back pain between the shoulder blades that caused his arms to tingle. On October 14, 2013, Mr. Robinson reported back to Med Express because he was having increasing pain. The assessment from Med Express was low back pain. Mr. Robinson was instructed to go to the nearest Emergency Room for further evaluation. Mr. Robinson reported to Charleston Area Medical Center with lower back pain. Mr. Robinson reported a ten day history of back and right hip pain following an incident at work. Mr. Robinson complained of pain radiating into his hip and down into his right foot with numbness in the right leg and foot. An MRI of his lumbar spine revealed a large herniation at the L5-S1 level with a free fragment of disc overlying the body of S1 on the right. The MRI was read by Johnsey Leef, Jr., M.D., who did not indicate that this was a result of a degenerative process. Mr. Robinson was diagnosed with an L5-S1 disc herniation and a right hip strain. Mr. Robinson was given medication and taken off work for the next week. Jonathan Luchs, M.D., reviewed the MRI and opined that the injury was not an acute process but rather degenerative changes that occurred over a long period of time. On October 18, 2013, the claims administrator denied the application for benefits stating that the injury did not occur in the course of and as a result of his employment.

On January 8, 2014, a record review from Prasadarao Mukkamala, M.D., was made available. After reviewing the available medical reports, Dr. Mukkamala concluded that there was no credible medical evidence to indicate that Mr. Robinson had sustained an injury at work on October 3, 2013.

On January 9, 2013, Charles Shuff, M.D., was deposed. Dr. Shuff testified that he is a board certified orthopedic surgeon who first saw Mr. Robinson on October 23, 2013. At that time, Dr. Shuff said that he experienced an acute onset of right hip discomfort after some type of window lifting at work on October 3, 2013. He also noted that Mr. Robinson's pain later migrated into his right leg with associated numbness and tingling down the right thigh and calf. Dr. Shuff could not tell based upon the MRI study how long the herniated disc had been present. Dr. Shuff testified that while it was possible that the herniated disc had preexisted the alleged October 3, 2013, injury, he believed the herniation was temporal to the injury. Dr. Shuff further testified that based upon the history provided to him by Mr. Robinson and his own clinical findings, he believed the disc herniation was causally related to his occupational activities on October 3, 2013.

General Glass Company also submitted three affidavits. The affidavit signed by Mr. Erlandson stated that on October 7, 2013, Mr. Robinson arrived at General Glass Company's Parkersburg location at approximately 8:00 a.m. Mr. Erlandson spoke to him about the job he would be working on that day, and then stepped into his office. Upon exiting the office, Mr. Erlandson was informed by several employees that Mr. Robinson had commented that he was no longer happy working at General Glass Company and left the shop. It was Mr. Erlandson's impression that Mr. Robinson had quit his job. He also noted that Mr. Robinson did not report an injury or appear to be hurt on October 7, 2013. The affidavit signed by Mr. Roswall stated that on October 7, 2013, Mr. Robinson told Mr. Roswall, "I do not need to live like this" and left General Glass Company's facility. It was Mr. Roswall's impression that Mr. Robinson had quit

2

his job. Mr. Roswall stated that Mr. Robinson did not appear to be hurt and did not complain of any problems. The affidavit signed by Mr. Boblett stated that on October 7, 2013, Mr. Boblett received a text from Mr. Robinson stating that his personal vehicle had broken down and that he would be getting a ride with his girlfriend to the Parkersburg office. Later that same morning, Mr. Robinson contacted Mr. Boblett and told him that he had hurt his right hip on October 3, 2013, stepping off a ladder. Mr. Boblett stated that Mr. Robinson did not comply with the reporting procedures outlined in the employee manual, which required him to report the injury the same day it occurred. According to Mr. Boblett, Mr. Robinson sent him text messages from October 13, 2013, through October 15, 2013, regarding his medical status and injury. In one of these texts, Mr. Robinson informed Mr. Boblett that he had attended apprenticeship training in Weston, West Virginia. Mr. Boblett noted that this training typically consists of lectures, practical training, and hands-on training. Attached to Mr. Boblett's affidavit was a copy of the employee manual and a copy of the text messages sent to Mr. Boblett by Mr. Robinson.

The Office of Judges determined that Mr. Robinson was injured in the course of and as a result of his employment and found the L5-S1 disc herniation to be compensable. The Office of Judges accepted Mr. Robinson's testimony as true. The Office of Judges then found that stepping off the work ladder was a definite, isolated, and fortuitous occurrence that resulted from Mr. Robinson's employment. General Glass Company argued that stepping off a ladder, like stepping out of a truck or walking down stairs, is not an injury but an act of everyday living. The Office of Judges refused to accept that argument and noted that his position with the employer required him to use a ladder. General Glass Company also argued that the substantial history of lower back problems precluded the inference that Mr. Robinson was injured in the course of and as a result of his employment. The Office of Judges noted that while it was true that Mr. Robinson had previous lower back injuries, General Glass Company could not show that he was not injured on the date in question. The Office of Judges added that Mr. Robinson may have complained of intermittent back pain prior to October 3, 2013, but there was no medical evidence of radicular pain, numbness or weakness in the right lower extremity prior to the alleged injury. The Office of Judges also noted that there was no evidence of an L5-S1 disc herniation prior to the compensable injury. The Office of Judges also noted that while Dr. Luchs stated that this was a longstanding degenerative process, neither Dr. Leef nor Dr. Shuff found any evidence of degenerative disc disease based upon the same MRI scan. The Office of Judges found the affidavits introduced by General Glass Company were not persuasive. The Office of Judges noted that even if the affidavits were completely true it would not have mattered because whether Mr. Robinson was planning on quitting or not is irrelevant to whether he was injured in the course of and as a result of his employment. Finally, General Glass Company argued that because Mr. Robinson did not report the injury immediately, it was a violation of their employee manual. The Office of Judges noted that while it might be General Glass Company's policy, West Virginia Code § 23-4-1a (2003) and West Virginia Code of State Rules § 85-1-3 (2009), mandates that Mr. Robinson has six months from the date of the injury to file his workers' compensation claim. Accordingly, the Office of Judges reversed the claims administrator's decision and found the claim compensable for an L5-S1 disc herniation.

The Board of Review adopted all the material findings of fact of the Office of Judges and determined that the Office of Judges was clearly wrong in view of the reliable, probative and

substantial evidence on the whole record. The Board of Review noted that Dr. Luchs report was persuasive, and it found that the herniated disc was degenerative in nature and not related to an acute process. The Board of Review also found Dr. Mukkamala's report to be persuasive. The Board of Review noted that Mr. Robinson had prior problems with his hip. The Board of Review also noted that Mr. Robinson admitted that he had been involved in semi-professional sports, which injured his hip and lower back.

We agree with the Order of the Office of Judges. Mr. Robinson sustained an injury in the course of and as a result of his employment. The Board of Review has conducted a de novo reweighing of the evidence, which is in violation of West Virginia Code § 23-5-12 (2006). The Office of Judges diligently considered the facts in this case, and its decision was soundly based upon the evidence in the record. While there was ample evidence of previous back and hip problems, this Court has consistently held that a preexisting condition will not bar a claimant from receiving workers' compensation benefits for an injury that occurs in the course of and as a result of their employment. *See Jordan v. State Workmen's Comp. Comm'r*, 156 W. Va. 159, 191 S.E.2d 497 (1972). The Office of Judges found that an injury occurred on October 3, 2012, based upon Mr. Robinson's testimony and the medical records. The Office of Judges found that there were conflicting opinions about whether the herniated disc was caused by the injury or part of a longer standing degenerative process. The Office of Judges chose to adopt the report and testimony of Dr. Shuff and the report of Dr. Leef, whose opinions were consistent with the conclusion that the injury on October 3, 2013, caused the disc herniation. Because the Office of Judges' decision was not clearly wrong, the Board of Review should have adopted its findings of fact and affirmed its conclusion.

For the foregoing reasons, we find that the decision of the Board of Review is in violation of a statutory provision. Therefore, the decision of the Board of Review is reversed and remanded with instructions to reinstate the Office of Judges' February 5, 2014, Order holding the claim compensable for an L5-S1 disc herniation.

Reversed and Remanded.

**ISSUED:  November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Robin J. Davis