# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**JEFFREY L. SANDRIDGE,**
**Claimant Below, Petitioner**

**FILED**
**March 6, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)**   **No. 22-ICA-227**   (JCN: 2022004370)

**CITY OF PHILIPPI,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jeffrey L. Sandridge appeals from the decision of the Workers' Compensation Board of Review ("Board") dated October 4, 2022, affirming the claim administrator's rejection of the claim. Respondent City of Philippi timely filed a response.[1] Ms. Reynolds did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the lower tribunal's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

Mr. Sandridge filed a workers' compensation claim for an injury he contends occurred on August 4, 2021, while he was working for the City of Philippi as a groundskeeper and meter reader. Mr. Sandridge reported that he injured his left lower back while shoveling around a water line at work. On August 10, 2021, at an emergency room visit, Mr. Sandridge and Elizabeth Ward, PA-C, completed an application for workers' compensation benefits. Ms. Ward described the injury as "back pain from a twisting injury" and indicated it was an occupational injury. No diagnosis code was provided. Ms. Ward referred Mr. Sandridge to the UHC Spine Clinic.

The accompanying ER notes reflect that Mr. Sandridge specifically reported left-sided low back pain radiating down his left leg after twisting while shoveling at work six days earlier. A lumbar CT performed at the visit revealed multilevel lumbar spine degenerative changes including endplate osteophytes and facet arthropathy. Disc bulging

---

[1] Mr. Sandridge is represented by J. Thomas Greene, Jr., Esq. and T. Colin Greene, Esq. The City of Philippi is represented by Charles R. Bailey, Esq., John P. Fuller, Esq., and Celeste E. Webb, Esq.

from L1-L2 to L5-S1, mild to moderate canal stenosis, and moderate neural foraminal narrowing at L4-L5 were noted as well.

On August 30, 2021, Mr. Sandridge was seen in the UHC neurosurgical unit by Heather Earl, PA-C, and neurosurgeon, Bill Dean Underwood, M.D. Ms. Earl noted that Mr. Sandridge had been treated previously for cervical radiculopathy beginning in February of 2021. The report from August 30, 2021, referenced a visit for cervical treatment on August 6, 2021, when Mr. Sandridge reported that his back pain was worse than his neck, an antalgic gait was noted, and Mr. Sandridge described a work injury related to "shoveling and twisting" had occurred on August 4, 2021. Mr. Sandridge reported pain radiating to the left leg and ankle, identified by Ms. Earl as "in mostly, a L4 dermatomal distribution." Importantly, Dr. Underwood reviewed a lumbar MRI and diagnosed a "far lateral disc herniation on the left at L4-L5, posteriorly (mildly) displacing the left L4 nerve root." Dr. Underwood's impression at this visit was a workers' compensation injury on August 4, 2021, "with left lumbar radiculopathy mainly in L4 distribution" and a "far lateral disc herniation on the left at L4-L5." The report also noted other findings from the MRI including disc bulging at L3-4 and L5-S1, facet arthropathy, and foraminal stenosis.

Mr. Sandridge has a documented previous history of right-sided low back pain and neck pain. For instance, a lumbar X-ray performed on August 14, 2018, was performed due to low back pain with right leg pain, numbness, and tingling and multilevel degenerative changes were noted. On August 20, 2018, Mr. Sandridge underwent a right transforaminal epidural steroid injection. A report by Monica Shaffer, PA-C at Bridgeport Express Care dated August 17, 2021, noted Mr. Sandridge's prior history of cervical symptoms and right-sided low back pain. However, Ms. Shaffer indicated that Mr. Sandridge's previous pain had always been on the right side and did not affect his left leg, which was now symptomatic. At a deposition on January 24, 2022, Mr. Sandridge admitted to a prior history of cervical problems, but he denied injuring his neck on August 4, 2021. Mr. Sandridge admitted that in 2018 he had treatment for right-sided low back pain, but noted that he received no further treatment for his back until the work injury on August 4, 2021. Further, Mr. Sandridge denied having any low back problems when he went to work on August 4, 2021.

On September 27, 2021, the claim administrator rejected the claim on the basis that "the medicals report a diagnosis that is not related to the condition of employment." Mr. Sandridge protested and on October 4, 2022, the Board affirmed the claim administrator's denial, simply finding "[t]here is no medical opinion on record associating a new diagnosis with a shoveling/twisting incident dated August 4, 2021." Mr. Sandridge appeals the Board's order to this Court.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
(1) In violation of statutory provisions;
(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. Dec. 9, 2022).

On appeal, Mr. Sandridge argues that he described an isolated, fortuitous event occurring on August 4, 2021, resulting from his work. He asserts that an occupational injury was identified in the Employees' and Physicians' Report of Occupational Injury or Disease. Additionally, Mr. Sandridge contends that on August 30, 2021, Physician's Assistant Earl and Dr. Underwood opined that he sustained an injury as a result of his work duties. Mr. Sandridge notes that the report by Ms. Earl and Dr. Underwood referenced an earlier appointment on August 6, 2021, when he was observed to have a severe antalgic gate. Ms. Earl noted that "[s]ince this injury occurred at work, [Mr. Sandridge] is needing it to be worker's [sic] compensation." Further, Mr. Sandridge relies upon notes dated August 17, 2021, by Monica Shaffer, PA-C, who indicated that he reported a back injury that occurred on August 4, 2021, when he twisted while shoveling.

Mr. Sandridge specifies that he suffered left-sided low back symptoms as a result of the injury on August 4, 2021. He denies any cervical symptoms resulting from this event. Thus, Mr. Sandridge contends that the claim administrator was clearly wrong in finding that the "medicals" reported a "diagnosis that is not related to the condition of employment."

Further, Mr. Sandridge argues that pursuant to a holding of the Supreme Court of Appeals,

[a] claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the

3

symptoms of the disabling disease or condition appeared and continuously manifested themselves afterwards.

Syl. Pt. 5, *Moore v. ICG Tygart Valley, LLC,* 247 W. Va. 292, 879 S.E.2d 779 (2022).

Referencing the Court's decision in *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), Mr. Sandridge also asserts that he was diagnosed with a discrete new injury, an L4-L5 disc herniation, resulting from an occupational injury on August 4, 2021, and that his ability to work without restrictions until the injury supports a finding that the herniation is separate and discrete from a prior L4-L5 disc bulge treated in 2018. Mr. Sandridge also asserts that his prior low back pain and treatment do not preclude him from maintaining a workers' compensation claim for his injury here. An "employer must take an employee as he finds him." *Jordan v. State Workmen's Comp. Comm'r*, 156 W. Va. 159,165, 191 S.E.2d 497, 501 (1972) (citation omitted).

The City of Philippi, on the other hand, maintains that the Board properly affirmed the denial of the workers' compensation claim. The City asserts that the claim administrator denied the claim because Mr. Sandridge requested benefits for "low back pain" which is "merely a symptom and not a recognized condition for which a claim can be held compensable." Further, the City notes that diagnostic imaging of Mr. Sandridge's lumbar spine revealed multilevel degenerative changes, and Dr. Underwood previously treated his chronic neck pain and right-sided low back pain. Thus, the City contends that Mr. Sandridge failed to establish that he sustained a new injury to his lumbar spine during the course of his employment, and instead, the evidence showed he was treated for preexisting conditions prior to August 4, 2021.

Upon a review of the record in this matter, we observe deficiencies in the Board's October 4, 2022, order. The Board did not distinguish between left and right low back symptoms and in its truncated analysis it failed to specifically apply its findings of fact to the applicable law. If the City argued to the Board that the claim was rejected because "pain" is not compensable, the Board did not address it. Further, the claim administrator's order does not bear out the City's assertion.

In addition, the Board erred by failing to perform an analysis under *Gill* and *Moore* in its decision. Mr. Sandridge alleges that prior to his workplace injury, any preexisting condition was asymptomatic. Therefore, we vacate the Board's decision and remand the matter for further analysis under *Gill* and *Moore*. A remand for a *Gill* and *Moore* analysis is consistent with the Supreme Court's recent decisions. *See, e.g.*, *Click v. Arcelormittal USA*, No. 21-0128, 2022 WL 10219744, at *3 (W. Va. Oct. 18, 2022) (memorandum decision) (reversed and remanded to determine whether preexisting left knee meniscus tear was asymptomatic at time of compensable injury); *McKinney v. Pinnacle Mining Co./Mission Coal*, No. 21-0222, 2022 WL 10219792, at *4 (W. Va. Oct. 18, 2022) (memorandum decision) (reversed and remanded to determine whether symptoms of

4

asymptomatic preexisting condition were manifested as result of compensable injury); *Owens v. Bundy Auger Mining, Inc.*, 20-0664, 2022 WL 10218876, at \*4 (W. Va. Oct. 18, 2022) (memorandum decision) (reversed and remanded to determine whether current symptoms resulting from degenerative conditions were asymptomatic prior to compensable injury).

Accordingly, we vacate and remand the case to the Board for further analysis, consistent with this decision.

Vacated and Remanded with Directions.

**ISSUED:** March 6, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge Thomas E. Scarr